STATE of Missouri, Respondent,

v.

Robert Joseph LANE, Appellant.

No. 53699.

Supreme Court of Missouri,
Division No. 1.

Feb. 10, 1969.

As Modified on Court's Own Motion ·
March 10, 1969.

Norman H. Anderson, Atty. Gen., John C. Klaffenbach, Asst. Atty. Gen., Jefferson City, for respondent.

Tom B. Brown and Larry S. Phillips, Edina, for appellant.

HENLEY, Presiding Justice.

Robert Joseph Lane appeals from a judgment denying his motion to vacate, set aside or correct a five year sentence imposed on him by the circuit court of Shelby county pursuant to his conviction of assault with intent to kill without malice aforethought. S.Ct. Rule 27.26, V.A.M.R.

The only ground of his motion is that the legal effect of this sentence is that it runs concurrently with a prior ten year sentence imposed on him by the circuit court of Pike county for another offense. He asks that we hold that the Shelby county sentence runs concurrently with the Pike county sentence, and that the former be corrected to so provide.

On December 11, 1962, appellant was convicted in the circuit court of Pike county of assault with intent to kill with malice aforethought. Section 559.180, RSMo 1959, V.A.M.S. His punishment was assessed at imprisonment for ten years, but he was not sentenced on that date. On December 19, 1962, appellant was convicted in the circuit court of Shelby county of assault with intent to kill without malice aforethought. Section 559.190, RSMo 1959, V.A.M.S. On this conviction his punishment was assessed at imprisonment in the penitentiary for five years, but he was not sentenced on that date. Thereafter, on January 21, 1963, appellant was sentenced in Pike county in conformity with the punishment previously assessed. On

March 19, 1963, appellant was sentenced in Shelby county in conformity with the punishment previously assessed.

These sentences do not run concurrently; they run consecutively. The Shelby county sentence commences to run at the termination of imprisonment under the sentence imposed in Pike county. King v. Swenson, Mo., 423 S.W.2d 699; § 546.480, RSMo 1959, V.A.M.S.

The judgment is affirmed.

All concur.