Victor D. VAUGHN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54209.

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied July 14, 1969.

J. Arnot Hill, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Chief Justice.

On February 2, 1965, Victor D. Vaughn (hereinafter referred to as defendant) pleaded guilty to two charges of first degree robbery. He was sentenced to five years' imprisonment on each charge with said sentences to run concurrently. He subsequently filed a motion under S.Ct. Rules 27.25 and 27.26, V.A.M.R. to withdraw the plea of guilty and set aside the judgment as to each charge. The trial court held an evidentiary hearing and overruled the motion. Defendant has appealed.

As grounds for the relief sought defendant alleged (1) that he entered the pleas with the understanding that the concurrent sentences would run concurrently with other sentences previously imposed, and (2) that the pleas of guilty were not voluntary but were the product of duress and harassment imposed upon him and his wife by various law enforcement officials.

Defendant testified that he entered a plea of guilty to a robbery charge in December 1963 and was sentenced to imprisonment for a period of eight years; that he later escaped from the prison at Moberly; that the two robberies here involved were alleged to have occurred while he was at large following his escape; that after his capture he was given a two-year sentence for the escape which he knew was to run consecutively with the eight-year sentence; that he entered the pleas to the two charges in question with the understanding that the sentences would run concurrently with his previous sentences, but that he learned after re-entering the penitentiary that he would have to serve them consecutively.

Robert G. Duncan testified that he was defendant's attorney when he pleaded guilty to the two robbery charges; that he did not remember the specific conversations he had with the defendant; that it was possible that defendant could have thought that "concurrent" (as used in connection with the two charges) meant "concurrent with everything" and that he possibly might have told him that.

The transcript of the proceedings at the time the pleas of guilty were entered discloses the following:

"The Court: You are recommending the minimum on this because of the other time that is pending, is that right?

"Mr. Cox: Yes. The minimum here, but it is to be tacked on what he is serving.

"The Court: Five years is the minimum for robbery first.

"Mr. Cox: Yes, Your Honor. I think that that will give him a total of 15 years or thereabouts to serve.

"The Court: Do you have anything to add?

"Mr. Duncan: Nothing, Your Honor.

"The Court: Is there any legal cause why the Court should not pass sentence upon you at this time?

"The Defendant: No.

"The Court: You are an old pro. I am not going to teach you anything by lecturing to you or by talking to you. If you will ever learn I guess that you will learn in 15 years.

"The Defendant: I should.

"The Court: I don't know what gets into you fellows * * *. It will be the judgment, order, and sentence of this Court in C–33981 that you be committed to the Missouri Department of Corrections for a period of five years, to run concurrently with 33982. In C–33982, it will be the judgment, order, and sentence

of this Court that you be committed for a period of five years, to run concurrently with C–33981.

"Mr. Cox: Are these to run consecutively with the charges that he has now?

"The Court: Consecutive to his present sentence that he is serving under at this time."

At the time it overruled the motion the trial court made findings to the effect that defendant understood the nature of his plea and was fully aware of the consequences thereof; that he knew that the two five-year sentences would run concurrently but that they would run consecutively with prior sentences.

■ We think it is obvious that the foregoing findings of the trial court were supported by the transcript of the statements made at the time defendant's pleas were entered and hence the finding was not clearly erroneous. The defendant was, of course, present in court at the time the pleas were entered, and he testified that he had an eighth grade education and his hearing was "pretty good." In that situation the trial court was certainly justified in finding that defendant understood that the two concurrent sentences would run consecutively with the prior sentences so that he would have a total of about 15 years to serve. The cases cited by defendant state the well-established rule that the law favors a trial on the merits, and a defendant should be permitted to withdraw his plea of guilty if he has been misled or induced to enter such by fraud, mistake, misapprehension, fear, persuasion, or the holding out of false hopes. See State v. Williams, Mo.Sup., 361 S.W.2d 772, State v. Reynolds, 355 Mo. 1013, 199 S.W.2d 399, and State v. Cochran, 322 Mo. 742, 60 S. W.2d 1. However, the facts found in the case at bar do not warrant the application of that rule. This point is ruled adversely to defendant.

■ As we have indicated, the remaining point raised in the trial court, and here, is that the pleas were entered as the result of duress and harassment imposed upon defendant and his wife. We do not think defendant's testimony on this point was sufficient to support his claim for relief. He testified that he was coerced by the fact that the prosecutor's office sent word to him through his lawyer that "if I didn't plead guilty I could possibly get either 50 years or a life sentence." That statement would not support a finding of coercion because it was a true recital concerning the range of punishment.

The other fact defendant relies on relates to an advertisement his wife ran in the Kansas City Star. It read, "Desperate, help of any kind wanted by young married man expecting a life term for robbery. P. O. Box 281, Independence, Missouri." Defendant testified that after the advertisement appeared investigators from the prosecuting attorney's office went to his wife and asked her to take the ad out of the paper because it would make it harder on him if it continued to run. It may be inferred that she complied with their request.

■ It is difficult to understand what defendant or his wife hoped to accomplish by the ad. He already had counsel of his own choosing. He was obviously not searching for witnesses as there were no names or facts given which related to the alleged robberies. Apparently nothing beneficial to defendant resulted from the one time the ad appeared. Since defendant's wife complied with the request to take the ad out of the paper the alleged threat that otherwise it would be "harder on him" no longer existed. Defendant has failed to carry the burden of pointing out in what manner he was prejudiced by not continuing to run the ad. When we consider that it was very unlikely that any benefit would have resulted from further insertions of the ad, we have concluded that the trial court's denial of relief on this point was not clearly erroneous. In that connection

it should be noted that defendant testified that he knew the range of punishment on these charges and "that is why I pleaded guilty." Also, at the time the pleas were entered the following occurred:

"The Court: And you are pleading guilty because you are guilty and for no other reason?

"The Defendant: That is right.

"The Court: And you know that any agreement made between you and the attorneys is not binding on the Court?

"The Witness: Yes, sir.

"The Court: And you know that you are entitled to a trial by jury?

"The Witness: Yes, sir.

"The Court: And you desire to withdraw your plea of not guilty?

"The Witness: Yes, sir."

In conclusion, we find that the transcript of what was said at the time the pleas were entered, together with the evidence adduced at the hearing of this motion, clearly support the findings of the trial court and that its judgment overruling the motion was not clearly erroneous.

The judgment is affirmed.

SEILER and STORCKMAN, JJ., concur.

HENLEY, P. J., not sitting.