**Jerry Wayne DANIELS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54835.**

Supreme Court of Missouri, Division No. 2.

May 11, 1970.

The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for movant-appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Jefferson City, Charles A. Blackmar, Asst. Atty. Gen., for respondent.

BARRETT, Commissioner.

Serving sentences for five if not six felony convictions, five of the convictions for robbery in the first degree, Jerry Wayne

Daniels instituted this 27.26, V.A.M.R., proceeding claiming that one or more of his latter pleas of guilty to robbery were not voluntary because when he entered the pleas "he believed he would receive a sentence that would run concurrently with the sentence he was then serving, so that his total time served would be 10 years." In his original motion there were other allegations but after a hearing on the motion and an appeal all allegations have been reduced to this single charge that he had an understanding, not from anything the court or the prosecuting officials did but "with his lawyer, and that his lawyer assured him that such would be the result." And even that claim has been reduced to this which will clearly appear from the circumstances: "he thought that the ten years included the five years that he was then facing on prior offenses." His counsel when the pleas were entered, Joe Harrington, then associated with Quinn, Peebles & Hickman, is deceased, as is Judge Koenigsdorf who imposed some of the original penalties. Upon the conclusion of the 27.26 hearing the circuit judge who imposed his latter sentences (although this and several other matters are not plainly made to appear from the record) found all issues against the appellant and specifically that "his knowledge of sentencing operations and procedures, in spite of his fifth grade education, was adequate for him to know and understand and appreciate the applicable sentences of two crimes, and particularly of the crime of Robbery, First Degree. * * * We find that the defendant was not promised a five year sentence for each crime to run concurrently if he would change his plea from not guilty to guilty by anyone in any lawful authority; that is, there was no—the Court did not make such a promise, the prosecuting attorney did not make such a promise and his attorney did not make such a promise."

His claim arises in these indisputable circumstances: In 1961 there were three charges of robbery in the first degree pending against the appellant, Jerry Wayne

Daniels. Sometime in 1961, the record recites, he was sentenced on three charges of robbery, in each case to five years' imprisonment, two of the sentences to run consecutively, and one concurrently, in prison jargon "a bundle of time" or two of the sentences "end on end." While serving these sentences, probably on September 30, 1964, Jerry walked "away from the Honor Farm" with one or more other prison inmates and on November 5, 1964, committed two more armed robberies. Jerry together with escaped convicts Victor Vaughn and Charles Vermillion, at gunpoint held up and robbed the clerk in a liquor store of $85.00 and Daniels and Vaughn at gunpoint held up Allen's Dairy and took from Larry Allen $225.00. While the Cole County authorities had not charged Jerry with the offense of escaping on September 30 he was certain that such a charge would be filed, and that he would receive, as did Vaughn, an additional sentence of two years' imprisonment which he claimed would be served consecutively upon the completion of the original five-year consecutive sentences for robbery. Thus plainly as he testified in the present 27.26 hearing "I was doing a ten year sentence. Q. Was that five and five to run consecutively? A. Yes, sir." And, according only to him (authoritative testimony is not present) he still had three years to go on that sentence. When in 1964 and age 29 he was sentenced to two ten-year concurrent sentences for the two 1964 robberies, which he says he discovered upon returning to the penitentiary, he claims that both of the latter sentences were to be served concurrently with his two five-year sentences.

In these circumstances, three prior felony convictions, two of the five-year sentences being served consecutively, an escape and two subsequent felonies of robbery there would be no discretion as to whether the latter sentences would be served consecutively or concurrently: valid and constitutional Section 222.020, RSMo 1959, V.A.M.S., provides that "if any convict commits any crime * * * in any county of this state while under sentence, * * * (and is convicted) the sentence of the convict shall not commence to run until the expiration of the sentence under which he is held." King v. Swenson, Mo., 423 S.W.2d 699; State v. Todd, Mo., 433 S.W.2d 550; Kimes v. Swenson, D.C., 292 F.Supp. 361; Stanfield v. Swenson, 8 Cir., 381 F.2d 755. And see Section 546.480, RSMo 1959, V.A.M.S., when there is a conviction of two or more offenses "before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction," and State v. Lane, Mo., 439 S.W.2d 905. To avoid the force of Section 222.020 Daniels in his 27.-26 motion asserted that "at the time of sentencing the Movant was not aware of such a rule."

The appellant concedes that "everything" in the transcript when he entered the pleas of guilty and was sentenced to the two ten-year terms for robbery "actually happened" and was correct. Nevertheless to substantiate his claim of relief and to establish that the trial court erroneously denied his sole request to change the sentences from consecutive to concurrent he testified:

"My understanding at that time, after talking to Mr. Harrington that morning before pleading, was that since I had around three years left down at Missouri State Penitentiary on a previous charge, and that I would get two years for escape, I was thinking that ten years that they had mentioned here in the court * * * in my own mind would run together, in talking about this ten year sentence. Previously I talked to my codefendants; I knew they were going to receive a five year sentence." (And he makes this claim despite the fact that

Vaughn claimed that his five-year sentences were concurrent with and not consecutive to a prior eight-year sentence he was serving. Vaughn v. State, Mo., 443 S.W.2d 632).

\* \* \* \* \* \*

"Q. On line 18 of Page 5, (transcript from pleas of guilty) where Mr. Cox (prosecuting attorney) recommended ten years on this charge and ten years on the other charge to run concurrently, what was your understanding when Mr. Cox made that recommendation to the court?

A. Meaning to run concurrently, I thought that he had meant that this charge of ten years would start at that time to run concurrently with the time I was doing, which would have left me around three years to do with two years for escape, which they always do, which would still leave me with three years."

\* \* \* \* \* \*

"Q. Now, why didn't you raise any objection when this plea was given and the Court assessed two ten year sentences on this charge?

A. It was still in my mind that that one ten year sentence was to start at the time it was given to me, and with the three that I had left to do and two for escape, I would still come out with ten years."

Upon this testimony it is the appellant's position that his case falls within State v. Roach, Mo., 447 S.W.2d 553, and other cases in which pleas of guilty were entered in the mistaken belief, induced by the judge or prosecuting attorney, that there would be probation or a parole or an entirely different sentence. State. v. Smith, Mo., 421 S.W.2d 501; State v. Rose, Mo., 440 S.W.2d 441; State v. Hovis, 353 Mo. 602, 183 S.W.2d 147. These cases are noted in recognition and awareness of the rule that "(i)f the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he should be permitted to withdraw his plea." State v. Hovis, 183 S.W.2d l.c. 148.

The court here did not make a specific finding upon credibility but "Obviously, the court did not believe this part of movant's testimony." Walster v. State, Mo., 438 S.W.2d 1, 2. In the circumstances of this record the appellant's claims are so inherently improbable that their mere statement all but refutes their assertion and certainly their truth. Under his theory as well as Vaughn's theory, 443 S.W.2d 632, the only punishment they would receive for fourth and fifth armed robberies, and that while escapees from the penitentiary, would be the mere formality of a record of two more convictions and no additional punishment. Daniels' claim that he understood from any source that his sentences were to be concurrent rather than consecutive is belied by the incontestable fact of his own knowledge that under the 1961 sentences he was serving two five-year sentences concurrently and he was serving two five-year sentences consecutively and he knew that any sentence he received for the escape was also to be consecutive. "Q. And you knew, for example, while you were in the penitentiary you were serving two five year sentences consecutively, for a total of ten years? A. Yes, sir." And even upon his plea of guilty in 1964 when his lawyer was pleading for leniency of sentence and had said "this man is sentenced to five years. He has the balance of that sentence to do," Daniels interrupted and said, "I am doing ten years there. Mr. Harrington: I thought it was five and five to run concurrently. The Defendant: Two fives to run consecutively," and he could have added another five to run concurrently. In short, in these circumstances as in Vaughn's case "the trial court was certainly justified in finding that defendant understood that the two concurrent sentences would run consecutively with the prior sen-

 

tences." Vaughn v. State, 443 S.W.2d l.c. 634; Walster v. State, supra.

Accordingly the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

DONNELLY, P. J., MORGAN, J., and JENSEN, Special Judge, concur.

FINCH, J., not sitting.