**Cleveland BRACY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55121.**

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

Robert G. Duncan, Pierce, Duncan, Hill & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

■ Appeal from denial, after hearing, of motion under Criminal Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction entered on plea of guilty to robbery, first degree. Review is limited to a determination whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67, 70 [1].

Appellant contends first that the findings of the trial court were clearly erroneous in that the record does not show that movant voluntarily and understandingly entered his plea.

The plea thus under attack was entered June 11, 1968, before the Honorable Keith P. Bondurant, at which time the following record was made:

"THE COURT: There are two charges here. One, C–37296, which is a charge of Robbery, First Degree; and C–37297, which is a charge of Assault With Intent to Kill with a pistol.

"MR. BUNCH [Attorney for Defendant]: Your Honor, the defendant asks leave of Court to withdraw his previous plea of not guilty and enter a plea of guilty to this charge in C–37296.

"THE COURT: You are Cleveland Bracy? THE DEFENDANT: Yes, sir. THE COURT: Is this correct and is this what you want to do? THE DEFENDANT: Yes, sir. THE COURT: The Court will not accept a plea of guilty unless you are really guilty of this charge of Robbery, First Degree. Is that the reason you are pleading guilty to it? THE DEFENDANT: Yes, sir. THE COURT: Has anybody made any promises or threats to you or any inducements or has anybody told you that you might get a lesser sentence or anything like that? THE DEFENDANT: No, sir. THE COURT: You have discussed this with Mr. Bunch, your attorney? THE DEFENDANT: Yes, sir. THE COURT: And do you know what the penalties are for Robbery, First Degree? THE DEFENDANT: Yes.

"THE COURT: Has Mr. Bunch told you that the punishment would range from five years to life, which is a minimum of five years in prison or life in prison, and you understand if the Court accepts your plea, that I am not bound to give you the minimum or the maximum either one or anything in between? You also know Mr. Bunch is your lawyer? If you do not wish to plead guilty, he will see that you get a speedy jury trial and do everything that he can for you—that he can properly and adequately do so? THE DEFENDANT: Yes, sir. THE COURT: You know you can have a jury trial, and if you have a jury trial, you might be convicted and get a life sentence or a lesser sentence or anything else in between or you might be acquitted? THE DEFENDANT: Yes, sir.

"THE COURT: Have you ever been in a mental institution? THE DEFENDANT: No, sir. THE COURT: Have you ever been under the care of a psychiatrist for mental problems? THE DEFENDANT: No, sir. THE COURT: Do you understand what you are doing and want to do is because you are guilty? THE DEFENDANT: Yes, sir.

"THE COURT: You feel you are all right physically? THE DEFENDANT: Yes. THE COURT: How long have you been in jail? THE DEFENDANT: Three months.

"THE COURT: Mr. Bracy, do you have any complaints about Mr. Bunch, your

lawyer? THE DEFENDANT: No, sir. THE COURT: Do you think that he has advised you well and counseled with you and done everything that he could to represent you properly? THE DEFENDANT: Yes, sir. * * *

"THE COURT: This offense occurred in Kansas City, Missouri, did it not? This was at Sidney's? Is that correct? THE DEFENDANT: Yes, sir. THE COURT: Mr. Bracy, you had a 32 calibre gun loaded—and was this Patricia Boolz a cashier and employee there? MR. BUNCH: Yes, Judge. THE COURT: And you held her up at gun point and got away with $68.00 from the cash register. * * *

"MR. KARL [Assistant Prosecuting Attorney]: My remarks are these. This defendant is only 16 years of age and the file indicates after he was picked up on this robbery and the facts substantially indicate that he had the gun and held up the lady and was personally identified and was found in the car with the gun by the police officers and when taken to the station, he put up °a scuffle and fought with the officers at the station. For a 16 year old, he certainly doesn't show any respect for the law. He has another charge which the Court is aware of. That is C–37297. This was a later incident but also involved a gun, and in this case, he shot and seriously wounded another boy in the fight. To me, being 16 years of age, he is showing total disregard for the law and I would recommend and I think it would be right to recommend a minimum sentence of ten years. I realize that it is a hard thing to recommend for a boy of his age but since the Court is aware there are certain people by their actions disclose they have no respect for the law and I don't think they are going to learn it by being paroled and put back on the street.

"MR. BUNCH: Well, I have read the facts in that case and I am sure the Court is aware of the facts and circumstances, which were somewhat aggravated and I don't believe they are in this case. I do feel that Mr. Bracy has probably felt a

great deal more respect for the law this time, than in the past, when he had juvenile difficulties. That has been the substance of our conversations. * * *

"THE COURT: Let the record show the Court feels that it does not need a presentence investigation report and is sufficiently acquainted with the background and the facts of this case to be able to pass sentence at this time. Frankly, Mr. Bracy, before Mr. Karl spoke and gave his own suggestions, which are not binding upon this Court, I do listen to them, and I had intended to give you longer than ten years. However, the Court will accept that suggestion. Mr. Bracy, the Court will sentence you to a term of ten years in the Missouri Department of Corrections with credit given for the jail time served from whatever date it was. This sentence is to run from the date that he was certified in Juvenile Court on the charge connected with this offense in the latter part of February, I believe. MR. BUNCH: I believe the 28th day of February. THE COURT: The sentence will run from February 28, 1968, and you will be given credit for the jail time that you have served.

"MR. KARL: Now Judge, in C–37297, State of Missouri against Cleveland Bracy, in which the defendant is charged with Assault With Intent to Kill with a Pistol, the State at this time would ask leave to dismiss the charge filed against this defendant in lieu of his plea of guilty and sentencing in C–37296. THE COURT: The record should show the State dismisses the charge of Assault With Intent To Kill With a Pistol, in C–37297."

The evidentiary hearing was accorded October 9, 1969, before the Honorable Richard P. Sprinkle on appellant's disqualification of Judge Bondurant. Appellant testified that his counsel told him things looked bad with little or no chance to win; that a guilty plea would get him a 5-year sentence and dismissal of the charge of assault with intent to kill, while a jury trial would result in a 20-year sentence; that he understood the prosecuting attorney would

recommend a 5-year sentence and that he did not understand that the judge did not have to accept the recommendation; that because of these matters, he pleaded guilty. He also stated he did not hear and understand all that was said at the entry of the plea; that he did not realize he would get a 10-year sentence; and that he was told to go along with whatever the judge said.

In addition to the contradiction and conflict between this testimony and the statements made by appellant at the entry of his plea, he stated that the confession or statement made to a juvenile officer did not influence his decision to plead guilty; that he knew he was going to plead guilty and knew that it meant admitting the robbery which he admitted committing. Counsel for appellant at the plea proceedings testified on behalf of respondent that he did not assure his client that he would get five years; that the state had not agreed to recommend five years; that he advised his client that the judge was not bound to follow the prosecutor's recommendation; that a jury might give twenty years if both charges were tried; that he advised appellant he would try his case to a jury if he wished but his best judgment was that his client should plead guilty. The lawyer recognized difficulty in communicating with his client, a person of low intelligence, but made a conscious effort to use language his client could understand.

■ This evidence, together with the plea proceedings, supports Judge Sprinkle's findings on movant's allegations: that movant consulted with his attorney prior to pleading guilty; that he was advised by the court and the attorney of the charges and the purpose of his appearance in court; that no threats or promises were made to induce him to plead guilty; that he was advised of his right to jury trial and was advised of, and understood, the charges and the range of punishment; that he was not suffering from any infirmity which would preclude or interfere with understanding the consequences of a guilty plea; that his

lawyer employed no coercive tactics with respect to the plea; and that the plea was "unequivocally voluntary." With the case in such a posture, it may not be said that the court failed to first determine that the plea of guilty was voluntarily and understandingly made before accepting it as required by Criminal Rule 25.04, V.A.M.R., or that the respondent failed to go forward (as opposed to movant's original burden of proof or risk of nonpersuasion under Criminal Rule 27.26) with evidence to show voluntary and understanding waiver of any constitutional rights occasioned by the guilty plea, Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Mountjoy v. Swenson, D.C.W.D.Mo., 306 F.Supp. 379, or that the court's findings, adverse to appellant, are clearly erroneous. Crosswhite v. State, supra.

■ Appellant also argues that these plea proceedings do not comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. It is not necessary to discuss this contention other than to deny it because the guilty plea in this case was entered June 11, 1968, thus preceding Boykin v. Alabama, supra, and that decision is applicable only to "those defendants whose guilty pleas were accepted after April 2, 1969." Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16; Crego v. State, Mo., 447 S.W.2d 550, 553 [2]; United States ex rel. Wiggins v. Commonwealth of Pennsylvania, D.C.E.D.Pa., 302 F.Supp. 845; Quillien v. Leeke, D.C.D.S.C., 303 F.Supp. 698; Arbuckle v. Turner, D.C.D.Utah C.D., 306 F.Supp. 825; and see order of December 8, 1969, denying retrospective review under Boykin v. Alabama in State v. Vaughn, Mo., 443 S.W.2d 632, certiorari denied 397 U.S. 1079, 90 S.Ct. 1533, 25 L.Ed.2d 815.

Appellant contends next that he was not afforded effective assistance of counsel in that counsel failed to properly and adequately investigate the law and facts and failed to take any steps to suppress "an unconstitutionally obtained confession."

In addition to those matters previously stated, it appears that movant had representation by at least three members of the Kansas City Legal Aid and Defender Society. His first lawyer was with him in juvenile court on the transfer hearing; the second was present at arraignment; a third talked with him in jail for about half an hour; and, finally, the attorney who represented him at his plea, spoke to him in jail prior to the plea, and advised him in the manner previously noted. While in juvenile custody, movant gave a statement to the juvenile officer, but it also appears that it was never in evidence in the trial court.

■ Appellant's argument is that the attorney took no steps to suppress the "confession" and he was thereby deprived of effective assistance of counsel. The evidence demonstrates support for the court's findings with respect to movant's allegations of ineffective assistance of counsel that movant was adequately advised by counsel and without coercive tactics to induce a guilty plea, and that there was nothing in the record to show that if a statement was taken it was ever used in any court proceedings. Such may not, therefore, be said to be clearly erroneous, Crosswhite v. State, supra; and see McMann v. Richardson, May 4, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, holding "that a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus," which is in point against the movant in the posture of this proceeding.

■ Appellant's final contention is that the court illegally considered movant's prior juvenile proceedings in imposing sentence. The only reason for making this contention would be to complain of the amount of punishment assessed, and the essence of such complaint is a charge of excessive punishment. There is no ground for a complaint of excessive punishment where the sentence is within the limit provided by law, Section 560.135, V.A.M.S., and erroneous considerations of prior record, if

so, would not affect the validity of the assessment. State v. Garton, Mo., 396 S.W. 2d 581, 582 [3]; State v. Cook, Mo., 440 S.W.2d 461, 463 [1].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

BARDGETT, J., and CORNING, Special Judge, concur.

SEILER, P. J., concurs except dubitante as to final paragraph.

HOLMAN, J., not sitting.