[redacted]

**Howard Lee WILKS, Movant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 57242.**

Supreme Court of Missouri,
Division No. 1.

Jan. 8, 1973.

[redacted]

Mark D. Johnson, Kansas City, for movant; Paul T. Miller, Exec. Dir., Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Chief Justice.

This is an appeal from an order denying relief to movant on his motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. We affirm.

Movant and two others (Burrell and Bacon) were charged in 1962 with the felony murder of the night watchman at McCormack Engineering Company at Kansas City. The killing occurred during the course of a burglary by the three men. While movant and Bacon remained outside, Burrell entered the building and killed the night watchman by striking him with a crowbar.

On December 18, 1962, when the trial began, counsel for defendants informed the court prior to voir dire examination that defendants desired to enter pleas of guilty. The State then reduced the charge to murder second degree and each defendant, after interrogation, entered a plea of guilty thereto. Movant herein was sentenced to a term of twenty years. Burrell and Bacon received sentences of twenty-five and eighteen years, respectively.

An evidentiary hearing was held in 1970 on movant's petition under Rule 27.26, and

the trial court made findings of fact and conclusions of law in denying relief thereon.

Movant's first point on appeal is stated thus: "Prejudicial hearsay evidence was given against defendant when he pled guilty. His plea of guilty was not voluntary. He did not have the effective assistance of counsel at his plea. He was denied due process of law as guaranteed him by the Fifth Amendment of the Constitution of the United States."

In support of the foregoing proposition, movant argues as follows: (1) After his arrest movant was held incommunicado for four days in violation of the twenty-hour rule (Rule 21.14) until he gave the police a written statement; (2) thereafter, at his preliminary hearing in the Magistrate Court, movant's counsel allowed a police officer to testify verbally as to movant's confession without objecting thereto; (3) when his trial started, movant's counsel had not moved to suppress the statement or confession; and (4) after movant had entered his plea of guilty the prosecuting attorney told the court that movant had watched Burrell beat the night watchman, attributing this information to movant's statement to the police, whereas, in fact, his written statement recited that he did not know of the beating of the night watchman by Burrell until he read of it in the newspaper the next day. Movant complains that his counsel did not explain or correct this statement by the prosecutor.

■ We hold that these contentions do not entitle movant to relief. In the first place, the statement or confession was not introduced in evidence against the movant. Movant cites Turner v. Pennsylvania, 338 U.S. 62, 69 S.Ct. 1352, 93 L.Ed. 1810 (1949), but it is not in point. Turner involved a case in which a confession was received in evidence in a jury trial. The Supreme Court held the confession to be inadmissible and reversed the conviction. Here, there was no trial. Instead, movant elected to enter a voluntary plea of guilty

and his own testimony shows that he made the decision to enter this plea because another of the defendants first decided to enter a plea of guilty and would have testified against him if he had gone to trial. Burrell told officers that movant entered the building and went through the watchman's billfold. The three defendants discussed the matter among themselves and concluded that they all would enter pleas of guilty. Hence, it is obvious that the plea of guilty was not induced by the confession and the confession was not introduced in evidence against this movant.

■ Likewise, the testimony by the police officer at the preliminary hearing was not introduced in evidence against the movant, there having been no trial. Having voluntarily elected to enter a plea of guilty in the Circuit Court, the movant has no basis for objecting to reception of evidence by the Magistrate at the preliminary hearing or the failure of movant's counsel to object thereto.

Nor does the absence of a motion to suppress the confession provide a basis for relief in this case. If a trial had been held, counsel could have objected to the statement or confession when offered in evidence and movant would have been entitled to a Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 type of hearing in order to determine its voluntariness.

■ With respect to the contention that the prosecutor misled the court as to what the movant had seen and done at the time of the occurrence, a reading of the testimony discloses that movant is not entitled to relief on the basis of this contention. The prosecuting attorney pointed out that there were conflicting stories as to what occurred and detailed them to the court. The court was told that both Wilks and Bacon denied entering the building at any time (Burrell stated otherwise) and that until explained to them by the court and counsel they didn't understand why they were charged with murder when they didn't wield the instrument or have any in-

**634**

of killing the watchman. Counsel pointed out that this had been explained and they then decided to plead guilty. In sentencing, the court took into account the fact that Burrell struck the blows, that both Burrell and Wilks had previous records, and that Burrell and Wilks were a little older.

The trial court found against movant on these issues. We conclude that the evidence supports the findings and conclusions of the trial court with respect to these points asserted by movant and said findings and conclusions are not clearly erroneous. Crosswhite v. State, 426 S.W.2d 67 (Mo., 1968).

Movant's second point on appeal is stated as follows: "The Court erred in receiving Wilks' plea of guilty in that it did not first determine that his plea was made voluntarily and with full understanding of the nature of the charge and the punishment therefor."

We overrule this contention. The transcript shows that after the three defendants sought to withdraw their prior pleas of not guilty and enter pleas of guilty to second degree murder, a lengthy session followed. Each defendant was interrogated. The record shows that movant and the other defendants knew that they had a right to trial by jury; that punishment on a trial might be more or less than would be given on a plea of guilty; that no promises or favors had been given by court or counsel. Each defendant stated that he was entering a plea of guilty because he was in fact guilty. The court did not inquire about knowledge of maximum and minimum sentences but the record shows that movant was fully advised on this score by his counsel as to both first and second degree murder. While Rule 25.04 procedure may not have been completely complied with, the record shows that in fact the plea was voluntary and that is sufficient to deny recovery herein. State v. Mountjoy, 420 S.W.2d 316 (Mo., 1967). Boykin v. Alabama, 395 U.S. 238,

89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), relied on by movant, was decided later and is not retroactive in its application. Bracy v. State, 456 S.W.2d 302 (Mo., 1970); Babcock v. State, 485 S.W.2d 85 (Mo., 1972).

The trial court found that movant knew the effect of his plea. That conclusion is not clearly erroneous.

Affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.