**James Gaylord NEIGHBORS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57501.

Supreme Court of Missouri, Division No. 2.

July 16, 1973.

Robert A. Iannone, Quinn & Peebles, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant was charged in separate informations in the Circuit Court of Cole County, Missouri, of possession of a forged and counterfeit check (No. 6670), of stealing (No. 6671), and of burglary and stealing (No. 6672). On July 13, 1970, appellant entered a plea of guilty in No. 6672. Following acceptance of such plea, appellant entered a plea of guilty in No. 6670. Fol-

lowing acceptance of such plea, appellant entered a plea of guilty in No. 6671. No sentences were imposed on July 13, 1970.

On September 2, 1970, appellant was sentenced to three years in No. 6672. Following such sentence, appellant was sentenced to three years in No. 6670, such sentence to "run consecutive to the sentence imposed in Case No. 6672." Following such sentence, appellant was sentenced to three years in No. 6671, such sentence "to run concurrent with the sentence imposed in Case No. 6672." Later, on September 2, 1970, appellant was permitted to withdraw his plea in No. 6671 and the charge was dismissed.

On July 1, 1971, pursuant to a motion filed under Rule 27.26, V.A.M.R., an evidentiary hearing was held and the following occurred:

"JAMES GAYLORD NEIGHBORS, being sworn, testified as follows:

"DIRECT EXAMINATION by Mr. Iannone:

"Q Will you state your name?

"A James Neighbors.

"Q Now, on September 2, 1970, were you sentenced by this Court to three years on burglary and stealing concurrent and three years consecutive on the forgery charge? A Yes, sir.

"Q And since that time have you filed your motion 27.26 with this Court? A Yes, sir.

"Q Now, it is not your desire or wish to have this Court withdraw and set aside your pleas, is that correct? A Yes, sir.

"Q Your desire is to have the Court reduce the sentence that was imposed upon you? A Yes, sir."

Appellant testified that he agreed to enter the pleas of guilty believing a *total* punishment of three years would be imposed. His request for reduction of sentence was denied.

On November 4, 1971, appellant filed another motion under Rule 27.26, and again asked the trial court "to enter an Order, whereby said sentences referred to herein will be ordered to be served concurrently."

On November 8, 1971, the trial court noted that the "only relief asked for in the present motion is for an order of this Court to make the sentences run concurrently," and overruled the motion without a hearing. This appeal followed.

■ The appeal having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution.

■ The ruling of the trial court is proper. There is no authority to impose concurrent sentences in the circumstances of this case. Section 546.480, RSMo 1969, V.A.M.S.; State v. McClanahan, 418 S. W.2d 71, 74 (Mo.1967); King v. Swenson, 423 S.W.2d 699 (Mo. banc 1968); Daniels v. State, 454 S.W.2d 17 (Mo.1970). Further, the ground presented "was raised and determined adversely to the applicant on the prior application * * *." Rule 27.-26(d); Johnson v. State, 472 S.W.2d 433 (Mo.1971).

The judgment is affirmed.

HENLEY, P. J., and FINCH, J., concur.

MORGAN, J., not sitting.