Joseph STEWART, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37946.

Missouri Court of Appeals, St. Louis District, Division Two.

Oct. 12, 1976.

Crouppen, Walther, Zwibelman & Walsh, P.C., Roy A. Walther, III, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty. and Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for respondent.

McMILLIAN, Presiding Judge.

Movant appeals from the trial court's denial, after an evidentiary hearing, of his Rule 27.26 motion to set aside judgment and sentence entered upon his pleas of guilty to two counts of forcible rape, two counts of first degree robbery and one count of assault with intent to ravish with malice. Movant was sentenced to eleven (11) years imprisonment on each count, all sentences to run concurrently. We affirm.

Movant first contends that his pleas were involuntarily made because his appointed counsel "threatened" him with a fifty (50) year sentence if he did not plead guilty. While statements of defense counsel, as well as statements by the prosecutor, can form the basis for a finding of involuntariness, *State v. Rose,* 440 S.W.2d 441, 446 (Mo.1969), this is no more of a threat than the statement made to the movant in *Vaughn v. State,* 443 S.W.2d 632 (Mo.1969), cert. den. 397 U.S. 1079, 90 S.Ct. 1533, 25 L.Ed.2d 815 (1970). It was the duty of movant's lawyer to inform movant of the possible range of punishment and, if considered advisable, to give his "judgment as to the extent of punishment the jury might fix in the event of conviction. . . ." *Smith v. State,* 513 S.W.2d 407, 411 (Mo. banc 1974).

Movant's second contention is that he was denied effective assistance of counsel in that his lawyer failed to adequately discuss his case with him, including possible defenses, and that this rendered his guilty pleas involuntary. At the evidentiary hearing, movant's lawyer testified that he ordered a psychiatric evaluation, investigated and requested information on the case, explained to movant his constitutional rights and discussed the case completely with movant. The assistance of counsel here does not appear ineffective, *cf. Hall v. State,* 496 S.W.2d 300 (Mo.App.1973). Even if the assistance of counsel were ineffective, movant carries a heavy burden of proof to show that he was prejudiced or that further investigation would have turned up anything useful for his defense, *Smith v. State,* at 411; *Curry v. State,* 504 S.W.2d 97, 99 (Mo.1974); *McKnight v. State,* 497 S.W.2d 201, 204 (Mo.App.1973). Movant has not shown that the trial court's finding that he failed to carry this burden of proof was clearly erroneous, *Crosswhite v. State,* 426 S.W.2d 67, 70 (Mo.1968) and Rule 27.26(j), V.A.M.R.

The judgment is affirmed.

STEWART and RENDLEN, JJ., concur.