**Henry Thomas WILLOUGHBY,**
**Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 29750.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

James W. Fletcher, Public Defender, Platte City, for appellant.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

**336**

PER CURIAM:

In 1973, movant (hereafter defendant) entered a plea of guilty to the offense of sodomy and was sentenced to a term of twenty-five years. Thereafter, defendant filed three successive motions for post-conviction relief, all of which were consolidated and an evidentiary hearing was granted February 25, 1977. This appeal followed the order of the trial court denying defendant's motion. Affirmed.

Defendant's Rule 27.26 motions all charged that trial counsel in the criminal case was inadequate. On this appeal, defendant may not prevail unless he shows that the denial of his motion by the trial court was clearly erroneous. *Stewart v. State*, 542 S.W.2d 544 (Mo.App.1976).

Evidence at the hearing on defendant's motion was conflicting. While defendant testified that trial counsel had failed to interview a witness, had neglected to seek the benefit of a change of venue and had misled defendant as to the sentence which would be imposed, other evidence contradicted each of defendant's contentions. Defendant's credibility was thereby in issue. By defendant's admission, he had previously pleaded guilty to an earlier felony charge and, by reason of conflict between his testimony at the guilty plea hearing and the testimony he offered to support his Rule 27.26 motion, one or the other was false. The trial court was not required to believe defendant's testimony. *State v. Hurtt*, 509 S.W.2d 14 (Mo.1974).

By its order, the trial court rejected defendant's evidence as not credible. The ruling was not clearly erroneous and must be upheld. *Stewart v. State, supra.*

Judgment affirmed.