Dear Mr. Moore:
This letter is in response to a question posed by your predecessor in office asking:
 1. Is it permissible, as we believe, for a sentencing judge, who has suspended the imposition of a defendant's sentence and given the defendant 5 years probation, to, at the end of the first probation term, assess a sentence but suspend the execution of that sentence and assess a second 5 year probation term?
 2. Can a sentencing judge suspend the execution of a sentence, give a 5 year probation, and again suspend execution and give a second 5 year probation?
 3. If your answer to 1 and 2 is "No", should the Board of Probation and Parole refuse to obey a court order to supervise the probationer when it appears that the defendant was given a term of probation beyond the judge's power?
(Emphasis in original.)
In addition, your office has asked us to expand upon the third question by dealing with the following two situations:
Situation No. 1. If a defendant is found guilty after trial or enters a guilty plea to multiple counts of sodomy pursuant to a plea agreement and a judgment is entered by the trial court that the sentences are to be served concurrently, under Section 558.026.1, RSMo Supp. 1984 (which requires consecutive sentencing in this instance), see Adams v.State, 688 S.W.2d 401, 402-403 (Mo.App., E.D. 1985); State v.Toney, 680 S.W.2d 268, 273-274 (Mo.App. E.D. 1984), should the Missouri Department of Corrections and Human Resources (hereinafter sometimes referred to as "Department") ignore the word "concurrently" in the judgment and treat the defendant as being sentenced to consecutive sentences or should the Department refer the matter back to the appropriate court through the appropriate pleadings?
Situation No. 2. A sentencing judge sentences an individual to serve one (1) year in county jail, and after this individual has served a certain amount of time, for example, seven (7) months, the sentencing judge places the individual on parole for two (2) years. After the individual has successfully served his parole for more than five (5) months but prior to the successful completion of two (2) years on parole, the sentencing judge revokes the individual's parole and sentences the individual to serve five (5) months at one of the department's facilities. Under State ex rel. Woodmansee v. Appelquist,687 S.W.2d 176 (Mo. banc 1985), the sentencing judge is required to credit the individual with time served on parole. Therefore, the individual's sentence of one (1) year was completed after five (5) months on parole, and the order of incarceration directed at the Department is a nullity. Should the Department ignore this order or refer the matter back to the appropriate court through the appropriate pleadings?
 I. Questions 1 and 2
Your first and second questions deal with the authority of a sentencing judge to extend a period of probation or to assess a second period of probation after imposing an initial period of probation.
Section 549.071, RSMo 1978,[1] conferred on the courts the right to "extend the term of the probation but no more than one extension of any probation may be ordered." Section 549.071 was repealed by the passage of House Bill No. 1196, 1982 Mo. Laws 435. Section 559.016.1(1) empowers the courts to assess probation on a defendant for a "term of years not less than one year and not to exceed five years for a felony." Section559.021.4, as enacted by House Bill No. 1607, Eighty-Third General Assembly, Second Regular Session, states that "[t]he court may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the probation term." We have found no judicial interpretation of the courts' ability to enlarge the conditions of probation; our determination is that Chapter 559, RSMo, is devoid of any language empowering the courts to extend the term of a defendant's probation as previously allowed under repealed Section 549.071.
It is a well-recognized maxim of legislative construction that the action of a legislative body in amending, repealing, or re-enacting a statute or ordinance is presumed to have some substantive effect, so that it will not be found to be a meaningless act of housekeeping. Wolfner v. Board of Adjustment ofthe City of Frontenac, 672 S.W.2d 147, 151 (Mo.App., E.D. 1984). In giving the Legislature's repeal of Section 549.071 substantive effect, we conclude that the courts of this state no longer have the power to extend a term of probation.
The difference between Questions 1 and 2 is that in the first question imposition of sentence has been suspended when probation is first imposed, while in the second question execution of the sentence is suspended when probation is first imposed and the second period of probation is clearly an extension of the first such period of probation. Because a suspended imposition of sentence is not a "sentence" in the technical sense, State v. Lynch, 679 S.W.2d 858, 860 (Mo. banc 1984), in the first situation there is no extension of a period of probation; there are two periods of probation imposed: one attributable to the suspended imposition of sentence and one attributable to the suspended execution of sentence. See
Section 557.011.2(3) and (4). Therefore, the answer to the first question is "yes", and the answer to the second question is "no".
 II. Question 3 and Additional Situations Nos. 1 and 2
The above-referenced items concern the authority of the Department to correct an erroneous sentence.
Generally, the inclusion of any unlawful and ineffective provision in a judgment is surplusage and will be disregarded by another court. State v. Campbell, 307 S.W.2d 486, 490 (Mo. 1957), cert. denied, 356 U.S. 922 (1958). Missouri courts have held that the Department has the right to ignore an erroneous statement in a judgment or sentence stating when the sentence will commence. Harkins v. Lauf, 532 S.W.2d 459, 461
(Mo. banc 1976); State v. Trevino, 428 S.W.2d 552, 554 (Mo. 1968).
In Ossana v. State, 699 S.W.2d 72, 73 (Mo.App., E.D. 1985), the court had this to say about Situation No. 1 (incorrect sex offense sentences):
 We now consider the trial court's jurisdiction to resentence movant. In a criminal prosecution, the trial court loses jurisdiction to alter a final judgment and sentence after it has been rendered. State ex rel. Wagner v. Ruddy, 582 S.W.2d 692, 695 (Mo. banc 1979). In order to constitute a final judgment, it is axiomatic that the sentence not be contrary to law. Since the original sentences in this case did not comply with the statute, the trial court did not exhaust its jurisdiction until it rendered sentences in accordance with the law.
Thus, it appears that one can proceed in either of two ways in these situations. First, the Department could choose to ignore the erroneous statement in the judgment under theTrevino line of decisions. Second, the Department can file a motion to modify the judgment in the sentencing court, because the sentencing judge still has jurisdiction to enter a judgment in accordance with the law under Ossana.
Your third question presents a situation where the Department is to decide whether it will provide probation services under Section 217.750.2, RSMo Supp. 1984, to someone who should not be on probation. If the Department ignores the language imposing probation in the erroneous judgment, the defendant would be free and unsupervised. This may be contrary to the intent of the sentencing court. Therefore, we recommend that a motion to modify the judgment be filed under the reasoning in Ossana.
The first additional situation presents the Department with a sentence imposed by the court (the concurrent sentence) that is not as long as the consecutive sentence that is legally required. Especially if the concurrent sentence is based on a plea bargain or if the defendant chooses not to appeal his concurrent sentences due to the risk that the appellate court would lengthen his sentences by making them consecutive, Statev. Blockton, 703 S.W.2d 500, 507 (Mo.App., E.D. 1986); Statev. Shaw, 701 S.W.2d 514, 517-518 (Mo.App., E.D. 1986), it would appear appropriate to file a motion to modify the judgment with the sentencing court under Ossana. See State v.McClanahan, 418 S.W.2d 71, 74 (Mo. 1967); but see Neighborsv. State, 496 S.W.2d 807 (Mo. 1973); Hand v. State,447 S.W.2d 529 (Mo. 1969).
The second additional situation presents the Department with the incarceration of an individual who should not be incarcerated. In this situation, the Department might have to keep this individual incarcerated for a period of time — weeks or months — if it chose to file a motion to modify the judgment with the sentencing court. In this instance, it may be preferable to go ahead and release the individual rather than wait to hear from the sentencing court. This may also prevent the filing of claims against the Department.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
NOTE
[1] All statutory references are to RSMo 1978, unless otherwise indicated.