**Jesse Hugh CURRY, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 57132.**

Supreme Court of Missouri,
Division No. 1.

Jan. 14, 1974.

---

Thadeus F. Niemira, J. Leonard Schermer, St. Louis, for appellant-defendant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

SEILER, Judge.

This is an appeal from denial of a motion to vacate under rule 27.26, V.A.M.R., filed prior to January 1, 1972. Since we had jurisdiction of the appeal when it was filed, we are to retain and decide the case in accordance with provisions to that effect in Sec. 31 of the 1970 amendment to Art. V, Mo.Const., V.A.M.S. We affirm.

On September 21, 1964 in the circuit court of the city of St. Louis, defendant pleaded guilty to first degree murder, first degree robbery, assault with intent to kill with malice, and stealing over $50.00. He received separate life sentences on the murder and robbery charges and separate ten year sentences on the assault and stealing charges, all to run concurrently.

Defendant's main claims are failure of the court to comply with rule 25.04 in taking his guilty pleas and ineffective assistance of counsel.

There was an evidentiary hearing at which the witnesses were defendant and the two lawyers who represented him in the original proceedings. The transcript of the proceedings on the guilty pleas was also introduced into evidence.

In overruling the motion to vacate, the trial court made specific findings of fact and conclusions of law as required by rule 27.26. The court found that the claim of ineffective assistance of counsel was without merit. Defendant's claim was that his original lawyer did not investigate and inquire into the facts of the case, despite the fact that he consistently asserted his innocence and maintained he was not present when the crime occurred, although he had earlier been with the persons who later committed the crime, but he had left them. Defendant did not, however, volunteer any further information and his lawyers failed to take the initiative to ask him where he claimed he went and whether there were witnesses who could testify that he was where he claimed. His lawyers contented themselves with examining the files of the circuit attorney and went no further in checking the facts. The testimony was that they devoted considerable time to his case, but it is apparent from the record that little, if any, attention was given by them to subjecting defendant to a thorough interrogation as to where he was and at what times, despite what may have appeared in the prosecutor's files.

In the evidentiary hearing on the 27.26 defendant testified that when he left the group he went first to a particular location to look for his wife and not finding her there, went to a tavern on Vandeventer Street. As stated, nothing had earlier been done about querying defendant as to such possibilities.

Defendant's difficulty at the present stage, however, is that there still is no evidence that had his lawyers made an adequate investigation, they would have turned up anything helpful, something "which would have aided or improved the appellant's position." McKnight v. State, 497 S.W.2d 201, 204 (Mo.App.1973). As said in the concurring opinion in McQueen v. State, 475 S.W.2d 111, 118 (Mo. banc 1972): ". . . However, defendant can undertake to determine whether there is evidence existing which an investigation prior to the original trial would have uncovered, and that such evidence is substantial and such that the defendant was entitled to have it presented to the jury in his trial. In this way, the defendant would show that on a retrial additional evidence would be available and that he has been prejudiced as a result of failure of counsel to investigate and obtain such testimony for use at his original trial.

". . . [W]e are seeking to determine whether, on the basis of alleged ineffective assistance of counsel in the preparation and trial of this case (particularly in failure to investigate adequately), the appellant should be granted a new trial. Whether it was prejudicial to him depends on whether there was other evidence which was important and which a proper investigation would have uncovered. In such a situation . . . it is proper to require that movant assume and sustain the burden of demonstrating that on retrial there will be evidence which is substantial and which was not available at the previous trial because of failure of his counsel to properly investigate."

In the absence of such a showing, we cannot say that the trial court was clearly erroneous in overruling the 27.26 motion on the ineffective assistance of counsel claim.

 The court also concluded from an examination of the transcript of the proceedings at the taking of the guilty pleas and from the testimony before the court on the 27.26 motion that the guilty pleas were voluntary and defendant was aware of the extent of punishment to which he was exposed. It also appears from the record that a co-defendant had earlier entered a plea of guilty and was available as a witness for the state against the defendant, all of which was considered and weighed by defendant in deciding to plead guilty. We cannot, therefore, say that the action of the court with respect to the voluntariness of the pleas was clearly erroneous and this point, too, does not offer defendant relief.

Judgment affirmed.

All of the Judges concur.