Norman Cornelius FLOYD, Movant-
Appellant,

v.

STATE of Missouri, Respondent.

No. 35833.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 14, 1975.

Motion for Rehearing or Transfer to Supreme
Court Denied Feb. 7, 1975.

Application to Transfer Denied
March 10, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard A. Heidenry, Asst. Circuit Atty., St. Louis, for respondent.

RENDLEN, Judge.

This appeal is from the trial court's denial of appellant's amended motions for post-conviction relief[1] under Supreme Court Rule 27.26[2] by which appellant sought vacation of judgments rendered on guilty pleas and concurrent sentences of life imprisonment on separate charges of Murder First Degree and Forcible Rape, fifteen years for Burglary First Degree and Stealing and ten years for Burglary

Second Degree. Sentences were imposed February 21, 1963, and in those proceedings appellant was represented by court-appointed counsel.

In 1965 appellant, without counsel, filed his first 27.26 motion and from an adverse ruling pursued appeal to the Missouri Supreme Court. See State v. Floyd, 403 S. W.2d 613 (Mo.1966). He there asserted: (1) the indictment was "no good"; (2) a confession taken from him by police officers, prior to his guilty plea, was coerced, involuntary and violative of due process; (3) under the circumstances of the case, the "punishment" assessed was greater than ought to have been inflicted. Affirming the trial court's action, the Supreme Court held, *inter alia,* that the voluntary plea of guilty to the charge of First Degree Murder made in the presence of counsel constituted "a solemn confession of the truth of the charge to which it is entered". State v. Floyd, *supra* at 616.

The current 27.26 motion was filed in 1973 and from the trial court's adverse ruling, Floyd brings this appeal.

Respondent questions appellant's right to raise issues similar to those presented in his prior 27.26 motion. Examining that contention, we note appellant's 1965 motion was without assistance of counsel, was limited to the charge of First Degree Murder and was ruled by the trial court without evidentiary hearing. State v. Floyd, *supra* at 615.

Rule 27.26 was amended effective September 1, 1967, to ensure movants certain rights not required under the former rule, including, in prescribed circumstances, appointment of counsel. See State v. Stidham, 415 S.W.2d 297, 298 (Mo. banc 1967). Similarly, in State v. Bosler, 432 S.W.2d 237, 239 (Mo.1968), the court, in a second appeal of that case, affirmed a First Degree Robbery conviction but noted that defendant's previous 27.26 motion, filed pro

1. Appellant filed his post-conviction motion May 1973 with a plea of indigency and a request for court-appointed counsel. The public defender was appointed as counsel and appel- lant then filed his amended motion on which the cause was heard.

2. All references to Supreme Court Rules here- inafter are to VAMR unless otherwise noted.

se in 1962, had proceeded without evidentiary hearing and the court ruled:

"That prior proceeding does not prevent defendant from now filing a motion under amended Rule 27.26. If that is done, and if such amended motion asserts facts which entitle the defendant to an evidentiary hearing in accordance with the provisions of the rule, then the trial court should grant an evidentiary hearing, . . ."

■ Here, appellant has filed his second motion raising numerous issues of fact entitling him to an evidentiary hearing. The trial court properly afforded appellant that hearing under amended Rule 27.26. His former motion, pursued under the old rule without benefit of counsel or evidentiary hearing, is no bar to this proceeding.

Appellant asserts two grounds for review. First, his confession to the police following the arrest was coerced, thus tainting his guilty pleas. Second, he was denied effective assistance of counsel because court-appointed counsel failed to investigate appellant's claim of alibi before recommending guilty pleas.

■ Our review is to determine whether the findings, conclusions and judgment of the trial court are clearly erroneous. Supreme Court Rule 27.26(j); Crosswhite v. State, 426 S.W.2d 67, 70 (Mo.1968). The trial court is in a better position than we to judge credibility of witnesses and may believe or disbelieve all or part of any witness's testimony. Walster v. State, 438 S.W.2d 1 (Mo.1969). Here movant has the burden of establishing his grounds for relief. Rule 27.26(f). State v. Rose, 440 S.W.2d 441, 443 (Mo. 1969). Brown v. State, 495 S.W.2d 690, 693 (Mo.App.1973).

Considering appellant's first contention, we note there was substantial conflict in the testimony of various witnesses for respondent and that of appellant. Appellant claimed he was interrogated on November 6, 1962, (about one week following his arrest) without counsel, from early morning until evening without food and was threatened with physical abuse by one of the interrogating officers. He denied making statements appearing in the transcript of the confession and denied having read the transcript before signing it. He claimed the confession was not signed voluntarily because the police refused to allow him to see his mother and because he was deprived of food. No other witness was called by appellant and the trial court found appellant's "testimony as to the alleged coercion and duress unworthy of belief".

The police officers who conducted the interrogation testified the questioning began at 9:00 AM and continued until approximately 1:00 PM at the latest. Appellant admitted he received a sandwich after the statement was given. One officer testified that although he had no particular recollection of the day in question, it was normal procedure to feed prisoners under interrogation at meal times. Appellant admitted he did not ask for food. On completion of the interrogation, the statement was taken by a stenographer and typed. The transcript of the confession bore the time 4:15 PM, written by appellant, together with his signature. A copy of the transcript was handed appellant and then read to him by the circuit attorney. Thereafter, appellant read the copy and signed each of the eleven pages, including a paragraph stating: "I have read the foregoing ten pages and they are true and correct to the best of my knowledge and belief." A correction made on page 9 of the transcript was initialed by appellant though he claimed never to have read the transcript. The interrogating officers denied the use of threats and appellant admitted that he was never struck. Appellant contended that during one point in the interrogation he and one of the officers exchanged curses; however, he admitted that the circuit attorney inquired if he had been threatened and he conceded he had not. The officers remembered his manner as willing, peaceful, cooperative and mild.

■ Appellant's argument assumes the established truth of his allegations. How-

ever, the trial court was not bound to accept appellant's testimony as true, Watson v. State, 475 S.W.2d 8, 12 (Mo.1972), even had it been uncontradicted, Bradley v. State, 494 S.W.2d 45, 48 (Mo.1973). Here the state did present positive evidence to show that the confession was not the result of coercion, that the statement was made after only a few morning hours of police questioning, that appellant was not subjected to threats but was cooperative, and that he read, corrected and signed the statement, the entire procedure ending by late afternoon.

■ The trial court found the confession was voluntarily and intelligently given and on the record it cannot be said that finding was clearly erroneous. Crosswhite v. State, *supra*. We rule this issue against appellant.

■ Since the confession was voluntary, inquiry into its effect upon the guilty pleas becomes unnecessary. Shoemake v. State, 462 S.W.2d 772, 775–776 (Mo. banc 1971). To paraphrase the court in *Shoemake;* on the finding of a voluntary confession, the question of relevancy of the confession to the "voluntariness" of the guilty plea drops out of the case.

When appellant entered his guilty pleas in February, 1963, more than three months following the confession, he affirmed to the court in the presence of counsel that the pleas were made voluntarily and of "his own free will".

■ If we assume for purpose of argument that the confession was obtained by coercion, the appellant's voluntary and understanding pleas of guilty would vitiate the effect of such a confession. Turley v. State, 439 S.W.2d 521, 525 (Mo.1969). Under similar facts the United States Supreme Court considered a petition for Habeas Corpus and ruled "that a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, without more, entitled to a hearing on his petition for habeas corpus." McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The court, in *McMann* at 774, observed that a conviction after a plea of guilty normally rests on the defendant's own admission in open court (as in the case at bar) that he committed the act charged.

Appellant next contends he was denied effective assistance of counsel because his attorney failed to investigate the case and a proper investigation would have shown appellant was not in the vicinity when the crimes occurred.

On January 8, 1963, the court being advised of Floyd's indigency, appointed DeWitt F. Lawson, Jr., as attorney "for said defendant in this cause". Appellant testified at the hearing that he met with his attorney four times prior to pleading guilty but the attorney did not ask appellant where he was at the time of the crimes and if he had so inquired, appellant would have told him that he was not in the vicinity. Appellant admitted his lawyer asked him about the case but he had only the sketchiest memory of what the questions were. His attorney did ask about the confession and appellant said he denied making it but could not remember anything else he told the attorney about it. Appellant testified he later signed a "paper" presented by his attorney requesting a copy of the confession for inspection. Though appellant was able to recall little of the conversations with his attorney, he did remember his attorney recommended that he plead guilty to avoid the death penalty. Mr. Lawson, who represented appellant at the time of his plea, was in California and was not called to testify at the 27.26 hearing.

■ Once a plea of guilty is entered, the adequacy of representation by counsel is reviewable only to the extent that it bears upon the voluntariness and understanding with which the plea was made. Matthews v. State, 501 S.W.2d 44, 47 [7] (Mo.1973); Barylski v. State, 473 S.W.2d 399, 402 [2] (Mo.1971). "[H]e is bound by

his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." McMann v. Richardson, *supra*, 397 U.S. at 774, 90 S.Ct. at 1450. Appellant claims an investigation by his attorney would have shown he was not in the vicinity when the crimes occurred. However, the record is silent as to how such information could be obtained or where in fact he was. He suggests no witnesses, leads or facts to be investigated. With respect to the asserted failure to investigate, a silent record showing no facts or defenses that would have been discovered by investigation is detrimental to the movant who bears the burden of proof under Rule 27.26(f). Babcock v. State, 485 S.W.2d 85, 89 [5] (Mo.1972). Movant has the burden of showing that on retrial there will be substantial evidence to support a defense which was not available at the previous trial because of counsel's failure to conduct a proper investigation. In the absence of such showing, appellant's contention of ineffective assistance of counsel fails. Curry v. State, 504 S.W.2d 97, 99 (Mo.1974). Here we have only appellant's unsubstantiated claim that he was not in the vicinity when the crimes were committed. There is no evidence that had his attorney made the most extensive investigation it would have produced anything beneficial to appellant. Nor has appellant proved that his attorney in fact failed to make a proper investigation. Mr. Lawson was neither deposed nor called to testify. The bulk of appellant's testimony on this issue consisted of claims that he did not remember what questions his attorney asked about the case.

 Appellant's broad contention that failure to investigate per se constitutes ineffective assistance of counsel is without authority; this court has in fact expressly refrained from so holding, limiting the question to whether or not the circumstances of each case warrant an investigation. Hall v. State, 496 S.W.2d 300, 303–304 (Mo.App.1973). From the whole rec-

ord, appellant did not sustain his burden of proving that counsel failed to investigate, or that an investigation would have been worthwhile. See Matthews v. State, *supra,* 501 S.W.2d at 48.

The court found that defendant received effective assistance of counsel and that "Movant's testimony as to his communications with Counsel [was] unworthy of belief. Further, the Movant produced no testimony or evidence to indicate failure to make adequate investigation by his appointed Counsel". These findings were clearly warranted from the record.

Judgment affirmed.

DOWD, C. J., and WEIER and CLEMENS, JJ., concur.