Kevin DEAN, Plaintiff-Appellant

v.

STATE of Missouri,
Defendant-Respondent.

No. 36398.

Missouri Court of Appeals,
St. Louis District.

March 16, 1976.

Motion for Rehearing En Banc or for
Transfer to Supreme Court Denied
April 13, 1976.

Application to Transfer Denied
May 5, 1976.

David Uthoff, St. Louis, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for defendant-respondent.

PER CURIAM.

This is the third of three related cases which are being decided at this time. Movant, along with Charles Bonner and Horace W. Bonner, Jr., was charged by indictment, with two counts of murder in the first degree with respect to the deaths of two children, one count of rape and one count of assault with intent to kill with malice.

After the state had reduced the charge on the first two counts to murder in the second degree, the movant withdrew his plea of not guilty and entered a plea of guilty to all charges. The court followed the recommendation of the Circuit Attorney and sentenced movant to terms of 35 years on the two charges of murder in the second degree and on the charge of assault with intent to kill with malice, each sentence to run concurrently with the others, and to a term of 5 years on the charge of rape to be served consecutive to the 35 year sentences.

The sentencing court was disqualified. A full evidentiary hearing was then had before Hon. Daniel T. Tillman, who made extensive findings of fact and conclusions of law in denying the motion.

In this proceeding to set aside the plea of guilty we are governed by the procedure provided in Rule 27.26. Section (j) of that rule provides that our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court

are clearly erroneous." After sentence has been imposed upon a plea of guilty a movant may withdraw his plea and have the judgment of conviction set aside only to "correct manifest injustice". Rule 27.25. *State v. Jackson*, 514 S.W.2d 638, 641[1, 2] (Mo.App.1974).

Although movant's brief does not meet the required standards we have gleaned from his argument as best we can the issues which we believe he wishes us to consider. We do this for the reasons set out in *Horace W. Bonner, Jr. v. State*, 535 S.W.2d 289 (Mo.Ct. of App., St. Louis District). Accordingly, we shall undertake to determine whether the court erred in holding that movant had not carried the burden of proving that his plea was not voluntarily made with an understanding of the nature of the charges against him because (1) he was under the influence of heroin; (2) he was induced to plead guilty because his attorney informed him that if he did so he would serve no more than seven or eight years; (3) he was coerced into making the plea because the court threatened to impose four consecutive life sentences if the defendant did not enter a plea; (4) his choice of entering the plea as against trying the case was the result of ineffective assistance of counsel because counsel did not prepare a defense and failed to contact witnesses whose names were supplied by movant and did not proceed to get a change of venue because of pre-trial publicity; and (5) he was coerced to enter a plea of guilty because of adverse publicity by way of newspaper coverage and television appearances by the Circuit Attorney.

■ We first consider his contention that a responsive pleading was required to his Rule 27.26 motion, and that since none was filed, the facts pleaded in his motion are admitted. This same contention was made and ruled in the companion case of *Horace W. Bonner, Jr. v. State, supra*. A responsive pleading is not required by Rule 27.26 nor by Rule 55.01 nor by any Rule of Civil or Criminal Procedure.

Movant testified that this plea was not voluntarily made because he was "on heroin . . . the day before [he] went to court;" that they had been getting heroin regularly in the jail and that he was "high" when he went over to court on the day of his plea.

His sister spoke with him for about one-half hour before he decided to enter the plea. She testified that his speech was coherent. He seemed to know what he was talking about and so far as she could see his eyes were normal. She did not see anything physically wrong with him. Movant's trial counsel testified that there were no physical manifestations which would lead him to believe that his client was under the influence of drugs or alcohol. The trial judge testified that he would not have accepted the plea if he had thought that the movant was not in complete control of this faculties.

■ The credibility of the witnesses was for the trial court. The court was not bound to believe the testimony of movant. *Quinn v. State*, 515 S.W.2d 603 (Mo.App. 1974). The court's finding that movant was not under the influence of narcotics was not erroneous.

Movant testified that his attorney told him that if he entered a plea of guilty "with a sentence of thirty-five or forty years [he] wouldn't be doing more than seven or eight years in the penitentiary." Movant's attorney denied that he had made such a statement. We cannot say that the finding of the trial court was erroneous on this issue. He was in the better position to determine which of the conflicting versions was more believable. *Bradley v. State*, 494 S.W.2d 45 (Mo.1973).

Movant argues that his plea of guilty was not voluntary because his trial attorney advised him that the trial judge had threatened to sentence him to four consecutive life sentences if he went to trial. He contends that this coerced the plea of guilty.

As background for this subject there was testimony to the effect that the attorney for this defendant, the attorney for his co-defendants and the Assistant Circuit Attorney had a conference in chambers with the

trial judge. The Circuit Attorney's office was prepared to make a recommendation to the court. The attorneys gave the court a summary of the facts which would be presented to the jury. They then asked the court if he would accept a plea based upon a reduction of the murder charges to second degree and a recommendation that the sentences for each of the defendants be 35 years on each of the two counts of murder and the count of assault with intent to kill with malice and 5 years on the charge of rape with the sentences to run concurrently. The court advised that it would not accept the proposed recommendation.

The question of who would assess the punishment came up while in chambers. The court was of the opinion that the jury would be assessing the punishment because the defendant's prior felony convictions had not been pleaded. The court stated that because of the heinousness of the offenses, if the defendants were found guilty, he "would feel inclined to run the sentences all consecutively." Whatever the jury assessed he would have run consecutively.

Subsequently counsel for the parties asked the trial judge if upon pleas of guilty he would consider a recommendation by the Circuit Attorney that the three sentences of 35 years each run concurrently with the 5 year term for rape being consecutive. The court advised that he would accept such a recommendation.

Once again the evidence is in conflict. Movant's counsel testified that he was "sure" that he did not tell movant that the judge had indicated that movant would receive four life sentences to run consecutively if he were found guilty.

Counsel did advise movant that if he did go to trial and if he was found guilty there was great likelihood that the sentences would be consecutive because of the heinousness of the charges. He was also certain that if there was a finding of guilty there would be a "very, very strict sentence involved."

The crimes charged were most serious. Movant had confessed to the commission of the crimes. At the plea hearing he admitted that the confession had been voluntarily made. Under the circumstances it was incumbent upon movant's trial counsel to advise movant of the consequences of his decision either to stand trial or to enter a plea. Movant was entitled to know his alternatives to assist him in making an intelligent choice. His counsel merely performed his duty in this regard.

For a further discussion of the role of the judge with respect to the plea process see *Horace W. Bonner, Jr. v. State, supra.*

We gather from movant's argument that he claims that he was forced to plead guilty because his attorney failed to prepare a defense to the pending charges and took the position that there was no defense to the charges; that he failed to proceed to obtain a change of venue in view of "the fact that the pre-trial publicity was extremely excessive."

Movant's trial counsel had been appointed as a special public defender to defend movant. He had ten years experience in the field of criminal trial work. He had four or five conferences with movant. He sought the names of persons who might be witnesses but was given none by movant. Counsel filed numerous pre-trial motions, obtained the depositions of the prosecuting witnesses, the police report and the transcript of the proceeding in the coroner's court. Even movant concedes that all of these matters were reviewed with him. Movant, even at this date, does not indicate that there was any substantial evidence available that would have aided or improved any defense to the charge. He now contends that he does not remember where he was at the time the crimes were committed. Movant has failed to carry the burden of demonstrating that his counsel was ineffective in preparation so as to effect his plea. *Curry v. State*, 504 S.W.2d 97, 99 (Mo.1974). *Floyd v. State*, 518 S.W.2d 700 (Mo.App. 1975).

Movant testified that he had pre-trial publicity in mind at the time of his plea because he and his co-defendants had talked about it. The testimony as to pre-trial pub-

licity was all conclusory; none of it was related to the time of the trial setting which was some ten months after his arrest. His attorney considered the question of change of venue but was of the opinion that the City of St. Louis would be the most favorable venue for the trial of his client's case. Movant testified that he knew of no place in the state where he would rather have the case tried.

We are unable to say, from this record, that there was undue pre-trial publicity requiring counsel to "proceed to obtain a change of venue." We cannot convict the trial court of error in finding that movant did not carry his burden in this respect. *Floyd v. State, supra* at 702[2–4].

Movant tenders the following Point Relied On:

"*Appellant's guilty plea was not made voluntarily and should be withdrawn because at the time of the plea the alternative of trial by jury was unlawfully chilled in violation of Amendments V, VI, and XIV of the United States Constitution.*"

We see no point in attempting to decipher this contention in this opinion. See *Horace W. Bonner, Jr. v. State, supra.* This was not raised in the motion filed under Rule 27.26 nor was it presented to and ruled upon by the court that heard the motion. This matter is not before us for review. *Maggard v. State,* 471 S.W.2d 161, 162[1] (Mo.1971).

■ We have reviewed the extensive interrogation of movant at the time of his plea. We have also considered the evidence presented at the hearing with respect to this motion and the fact that movant had been convicted of two prior felonies and had experience with the criminal justice system. The movant at the plea hearing admitted facts sufficient to constitute the crimes to which he pleaded guilty. He is therefore precluded from withdrawing his plea on the grounds that he did not understand the nature of the charge. *Fisk v. State,* 515 S.W.2d 865[3–6] (Mo.App.1974).

The issue in this case was whether movant's plea was entered voluntarily with an understanding of the nature of the charge, and not whether the judge who accepted the plea followed some particular procedure. *Flood v. State,* 476 S.W.2d 529 (Mo. 1972). We cannot say that the court was clearly erroneous in finding that movant's plea of guilty was voluntarily made with an understanding of the nature of the charges, or that failure to allow withdrawal of the plea would result in manifest injustice. The judgment of the trial court is affirmed.

All Judges concur.