Otis JACKSON, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 37049.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 17, 1976.

Hayes & Heisler, Daniel B. Hayes, Clayton, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for defendant-respondent.

GUNN, Judge.

After full hearing and a comprehensive opinion, the trial court ruled adversely to defendant on his Rule 27.26 motion for post conviction relief, and defendant has appealed. We find no error and affirm the judgment of the trial court.

Defendant was convicted of the first degree murder of Eugene Helm, and the judgment of conviction was affirmed on appeal in *State v. Jackson*, 511 S.W.2d 771 (Mo. 1974), which details the facts giving rise to defendant's conviction. It is enough to state that defendant shot Helm with a rifle, and Helm bled to death from a wound in his hip.

The thrust of defendant's Rule 27.26 motion is inadequate assistance of counsel, and we find defendant's position in this regard to be untenable. Defendant asserts that his trial counsel failed to elicit from him that Helm had a reputation for violence. The evidence was that defendant's trial counsel did make inquiry of several people whether Helm had the nature of causing any trouble or had been in any fights. The response to the trial counsel's investigation was negative. While defendant urges that he advised his trial counsel that Helm had a reputation for bellicosity, the trial counsel testified at the 27.26 hearing that although the defendant was specifically asked, the defendant never indicated that Helm had a reputation for violence. We recognize that inquiry into the general reputation of a decedent for turbulent disposition is legitimate. *State v. Maggitt*, 517 S.W.2d 105 (Mo. banc 1974). But according to defendant's trial counsel, after investigation and inquiry, such a line of attack would have been fruitless. The trial court resolved the conflict between defendant and his trial counsel in the latter's favor, and we defer to the trial court's finding. *Dean v. State*, 535 S.W.2d 301 (Mo.App.1976); *Floyd v. State*, 518 S.W.2d 700 (Mo.App. 1975).

Defendant also attacks the action of his trial counsel: a) in failing to impeach the testimony of an eyewitness to the shooting; b) in failing to obtain expert testimony regarding the characteristics of the rifle utilized by defendant and the fact that it was deliberately aimed low to hit Helm in the hip rather than some other vital part of the body; 3) in failing to argue to the jury that defendant aimed low to halt, rather than kill Helm. None of these charges is availing for defendant. According to defendant's trial counsel his investigation revealed no contradictions of the eyewitness worthy of impeachment, and, furthermore, argument was made to the jury that defendant had deliberately aimed low to avoid inflicting a fatal wound; that after full consideration, it was determined that no need existed for bringing in an expert witness regarding the structure of the gun and the fact that it would have had to have been intentionally aimed low in order to inflict the hip wound. Under the circumstances, the question of impeachment and of obtaining a gun expert were matters of trial strategy and technique, which will not serve as a basis for ineffective assistance of counsel. *Haynes v. State*, 534 S.W.2d 552 (Mo.App.1976).

Defendant argues that his trial counsel failed at trial to make objection or move for mistrial during portions of the prosecutor's argument to the jury. This matter was specifically covered by the Supreme Court in *State v. Jackson*, supra, and it was held, in spite of defendant's contentions of plain error on the appeal of his trial conviction, that the prosecutor's "argument was based upon matters in evidence and does not afford any grounds for concluding that substantial rights of appellant [defendant] were infringed." Id. at 775–76. We need not consider this point further, except to state that the fact that there was a failure of objection or request for mistrial is not a basis for ineffective assistance of counsel unless there has been a substantial deprivation of the movant's right to a fair trial. *McConnell v. State*, 530 S.W.2d 43 (Mo.App.1975). Defendant was not deprived of a fair trial in this case.

In his pro se 27.26 motion, defendant alleges as proof of ineffective assistance of counsel that his trial counsel was so overwhelmed and discomfited by his inept performance that he was "driven into an infantile hysterical tantrum which was tantamount to a disturbed child eluding a bully but exclaiming his humiliation while doing so as the Defense Counselor climaxed his unskilful performance with a serious series of ambidexterous arm swings and an audible rhythmical cresendo of, (quote) 'Fiddle Sticks, Awe Poot', (unquote) repetitiously." At the hearing on the 27.26 motion, defendant's trial counsel scoffed at the suggestion that his efforts left him with naught to say but "Fiddle Sticks, Awe Poot," and denied that such comment was within his exclamatory lexicon. The trial court agreed with

defendant's trial counsel, and we defer to the trial court's finding in this regard. *Dean v. State,* supra.

 Finally, defendant urges ineffective assistance of counsel for the reason that his trial counsel was unable to locate a witness known only as "Porky." The record is clear that defendant's trial counsel made noble attempt to locate Porky and interviewed numerous witnesses in a futile effort to locate him. The best that could be determined was that Porky was somewhere in Arkansas. Defendant's trial lawyer's failure, after valiant effort, to locate someone named Porky in the Razorback State did not amount to ineffective assistance of counsel, particularly, as it developed, Porky was not even a witness to the brouhaha leading to Helm's death. See *Williams v. State,* 536 S.W.2d 190 (Mo.App.1976).

After careful consideration of the transcript, briefs and authorities, we are convinced that the judgment denying defendant's 27.26 motion is not clearly erroneous; that no error of law appears.

The judgment is affirmed.

SIMEONE, P. J., and KELLY, J., concur.