Milton GUILBEAUX, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38013.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 23, 1976.

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Mo., Brendan Ryan, Circuit Atty., Richard Poehling, Asst. Circuit Atty., St. Louis, for respondent.

McMILLIAN, Presiding Judge.

Movant, Milton Guilbeaux, appeals from an order of the Circuit Court of the City of St. Louis, Missouri, overruling his Rule 27.-26 motion to vacate and set aside two judgments of conviction and concurrent sentences entered thereon.

On January 5, 1970, movant-appellant pleaded guilty to two counts of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon and one count of Second Degree Murder. He was sentenced to twenty-five (25) years on each count, the sentences to run concurrently. In January of 1975 movant filed a Rule 27.26 motion to set aside the judgment and sentence. After an evidentiary hearing, the trial court issued findings of fact and conclusions of law and overruled the motion. We affirm.

On appeal, movant raises one issue: He contends that the court erred by overruling movant's motion on the ground that movant

had failed to sustain his burden of proof in showing that he was denied effective assistance of counsel. The specific actions which movant claims constituted ineffective assistance are that movant's attorney (1) failed to investigate and interview any of the state's witnesses; (2) failed to file any pretrial motions to suppress identification and admissions; (3) failed to interview any of movant's alibi witnesses; (4) only spoke with movant twice prior to the entering of the pleas; and (5) coerced the pleas of guilty by inducing movant to believe that the court had made certain statements as to the punishment the movant would receive if he did not enter pleas of guilty.

■■■ A motion filed under Rule 27.26 is an independent civil action. In such a proceeding the burden of establishing grounds for relief must be established by a preponderance of the evidence. *Hall v. State*, 496 S.W.2d 300, 303 (Mo.App.1973). Upon review, we are limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). "Once a plea of guilty is entered, the adequacy of representation by counsel is reviewable only to the extent that it bears upon the voluntariness and understanding with which the plea was made. . . ." *Floyd v. State*, 518 S.W.2d 700, 703 (Mo.App.1975).

■■■ Movant's first contention concerns the failure of his attorney to investigate or interview any of the state's witnesses. To be entitled to relief, movant must show by a preponderance of the evidence that the performance of his counsel did not reach the level of normal or reasonable competence and that this inadequate representation prejudiced movant by causing him to enter each of his pleas of guilty involuntarily. *Hall v. State*, supra. Unlike *Hall*, supra, movant's attorney was more than a mere agent for plea bargaining. He filed a psychiatric motion, discussed the case with the circuit attorney's office, read a coroner's court transcript, and knew in substance what the state's witnesses would say.

Movant has failed to show that he was prejudiced or that any substantial helpful evidence would have been discovered upon additional investigation of the state's case against him. *Curry v. State*, 504 S.W.2d 97, 98–9 (Mo.1974).

As to movant's second contention, his attorney's testimony at the motion hearing to which the trial court gave great weight, was that he was satisfied that the confessions and identifications of movant would have been admissible so that a motion to suppress would have been fruitless. Movant has also failed to show how this alleged deficiency affected the voluntariness and knowledge of his guilty pleas. *Barylski v. State*, 473 S.W.2d 399, 402 (Mo.1971).

Movant's third contention is that his attorney failed to interview alibi witnesses. His attorney's testimony, bolstered by his records of the case, was that no potential alibi witnesses had been brought to his attention by the movant. Movant's own testimony was that while he told his lawyer he had some witnesses who could testify on his behalf, he did not give his attorney any names. No showing has been made by movant to show how this alleged failure to investigate resulted in any prejudice to his defense.

Movant next asserts that counsel was ineffective because his lawyer only spoke to him twice before the day of the guilty pleas. This contention is directly refuted by the transcript of the guilty plea proceedings. At the time of the pleas movant testified that he was satisfied with the representation given him, that counsel had answered all his questions, discussed the charges with him and had advised him of the consequences of a guilty plea. We cannot, therefore, say that the finding of the trial court was clearly erroneous. *Crosswhite v. State*, 426 S.W.2d 67 (Mo.1968).

Movant's final contention is that he was coerced by his counsel's representations that the trial judge had said that he could and would be sentenced to life or more if he went to trial. Movant's counsel testified and denied that the judge had made such a

statement. He testified that he only explained to movant what the judge might do if he were convicted by a jury and that he did not coerce movant into pleading guilty in any way. As noted earlier, the trial court did not credit any of movant's testimony at the motion hearing. Movant's claim of coercion is also undercut by his admissions during the plea proceedings that his pleas were voluntary. Movant's mother testified in his behalf at the evidentiary hearing, stating that counsel had approached her prior to the pleas and asked her to talk to movant about pleading guilty. She further testified that she had felt it was best for her son to enter pleas of guilty and that counsel did not force her at all to talk to her son. Counsel testified that he remembered speaking with the mother but did not recall the content of the conversation. Counsel also testified that at no time did he employ any coercion in order to induce movant to enter a plea of guilty. The trial court found that counsel left the actual decision of whether to go to trial or plead guilty, up to the movant. Movant had made no showing that this finding was clearly erroneous. Rule 27.26(j).

For the reasons stated above, the trial court's finding that the assistance of counsel was not ineffective and that movant's pleas of guilty were voluntarily and knowingly made were not clearly erroneous. *Crosswhite v. State*, 426 S.W.2d 67, 70–2 (Mo.1968) and Rule 27.26(j).

Judgment affirmed.

STEWART and RENDLEN, JJ., concur.