Keith BENNETT, Movant-Appellant,

v.

STATE of Missouri, Respondents.

No. 38012.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 22, 1977.

Joseph F. Beatty, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Wm. F. Arnet, Preston Dean, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondents.

DOWD, Judge.

Appellant-movant is serving concurrent life sentences pursuant to his pleas of guilty to charges of robbery by means of a dangerous and deadly weapon, § 560.120 RSMo 1969, and first degree murder, § 559.010 RSMo 1969. Coterminously, he is serving three years imposed upon a guilty plea to a charge of carrying a concealed weapon, § 564.610 RSMo 1969. The crimes to which movant had pleaded guilty involved the murder of Don Harris which occurred at Vashon High School and a robbery of Harris' black leather jacket. Movant appeals from the trial court's denial of appellant's Rule 27.26 motion to vacate these sentences following an evidentiary hearing.

In his first point on appeal, movant argues that the trial court erred in denying movant's 27.26 motion to vacate because the judgments were entered on involuntary guilty pleas induced by the allegedly threatening statements of movant's attorney. We must determine whether, in fact, these pleas were involuntary and whether, in fact, movant's attorney coerced the plea.

■■ We review the trial court's judgment to determine whether the finding, conclusion and judgment of the trial court are "clearly erroneous." Rule 27.26(j); *Brown v. State,* 495 S.W.2d 690, 694[2] (Mo. App.1973). A finding is "clearly erroneous" if, after reviewing all the evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Crosswhite v. State,* 426 S.W.2d 67, 70–71 (Mo.1968). We are required to give due regard to the trial judge's opportunity to hear the witnesses and to defer to his determination of credibility unless it clearly and convincingly appears that he has abused his discretion. *Walster v. State,* 438 S.W.2d 1, 2–3[1] (Mo.1969).

In support of his Rule 27.26 motion, movant testified that trial counsel told movant that if he did not plead guilty he would never see the streets again and would be the permanent head man at the license plate factory at the Missouri State Penitentiary. Movant claimed further that trial counsel told movant that if he refused to

proceed with the plea after he entered the courtroom, the judge would be upset and would take action against movant. Movant contends that such statements made movant's plea involuntary, relying upon *State v. Rose,* 440 S.W.2d 441 (Mo.1969) and *Brown v. State,* supra, 495 S.W.2d at 695.

■ The trial court found that movant's claims of coercion were refuted by the evidence. At the Rule 27.26 hearing, trial counsel denied making the coercive statements claimed by movant. An examination of the transcript of the pleas of guilty reveal that Trial Judge Harold L. Satz fully complied with Rule 25.04 which provides that the trial judge shall not accept a plea of guilty without first determining that the plea is made voluntarily with understanding of the nature of the charge. Judge Satz was very thorough and detailed in his questioning of the movant at the time of the plea. The movant was fully advised of his rights and the range of punishment. As a result of the judge's questioning the movant denied that anyone had "threatened, intimidated, mistreated, or in any way forced [him] to plead guilty against his will". Thus, movant's testimony at the time he entered his guilty pleas refuted his allegations that he was coerced.

The trial court is not required to believe movant's testimony at the 27.26 hearing. *Cooper v. State,* 520 S.W.2d 666 (Mo.App. 1975); *State v. Hurtt,* 509 S.W.2d 14 (Mo. 1974); *Trice v. State,* 540 S.W.2d 613, 615[3] (Mo.App.1976). In the case at bar, the trial court specifically found that movant's testimony at the 27.26 hearing was not credible, based upon movant's demeanor "on the witness stand and his method and manner of answering questions both on direct and cross-examination." We do not believe that this finding or the denial of movant's 27.26 motion was clearly erroneous.

In his second point on appeal, movant contends that the trial court erred in denying his Rule 27.26 motion because he was denied effective assistance of counsel. Appellant alleges that counsel failed to investigate adequately and failed to raise an alibi defense. In particular, appellant cites

counsel's failure to locate and interview two potential alibi witnesses.

■ If a plea of guilty is entered, the determination of the adequacy of counsel is immaterial except to the extent it bears on the voluntariness and understanding of the plea. *Barylski v. State,* 473 S.W.2d 399, 402 (Mo.1971); *Guilbeaux v. State,* 544 S.W.2d 855, 856[2] (Mo.App.1976).

The appellant is "bound by his plea and conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Floyd v. State,* 518 S.W.2d 700, 704 (Mo. App.1975).

■ In order to be entitled to relief due to ineffective assistance of counsel, movant must prove that (1) the performance of counsel did not reach the level of normal and reasonable competence and (2) the inadequate representation prejudiced movant by causing him to enter each of his pleas involuntarily. *Guilbeaux v. State,* supra, 544 S.W.2d at 856[3]. Movant failed to meet this burden in the case at bar. The record clearly indicates that appellant's counsel attempted to locate the two possible witnesses suggested by the appellant. In fact, the attorney told the appellant's mother of his inability to locate these possible witnesses and of the importance and urgency of locating them. Furthermore, the attorney later told the appellant of the lack of response from the mother or the possible witnesses.

■ In order to sustain an allegation of inadequacy of investigation by counsel it is necessary to show that an adequate investigation would have disclosed something beneficial to the defense. *Curry v. State,* 504 S.W.2d 97, 99[1] (Mo.1974). The record fails to show that if appellant's counsel had interviewed the purported witnesses the alibi defense would have been supported. In fact, movant told trial counsel that he had committed the crimes charged after counsel told appellant that he had not located the potential witnesses for the defense. Thus, appellant's trial counsel would have suborned perjury had he further searched for the potential witnesses and called them to court. There is no duty of counsel to call witnesses in this situation. Rather, the attorney is under an absolute obligation not to present perjured testimony in support of his client. *Allen v. State,* 518 S.W.2d 170, 172[1] (Mo.App.1974); *McNamara v. State,* 502 S.W.2d 306, 308 (Mo.1973).

Our examination of the record revealed that movant's attorney had performed extensive pre-trial preparation. Movant's attorney had at least six conferences with movant, had obtained the police report, reports from the high school investigation, report on the lineup identification in which six witnesses identified the movant, the grand jury notes, and a ballistic report. We are convinced that the movant was afforded competent counsel who was well prepared. The record clearly shows that movant's pleas were voluntarily and understandingly made. The findings of the trial court are not clearly erroneous.

The judgment is affirmed.

CLEMENS, P. J., and WEIER, J., concur.