**Leroy TAYLOR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39916.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 7, 1978.

Fredman, Watkins & Fredman, Mark S. Fredman, St. Louis, for appellant.

---

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Appellant, Leroy Taylor, while serving a twenty-two year sentence for second degree murder, armed robbery with a deadly weapon, and assault with malice aforethought, filed in the Circuit Court of the City of St. Louis a post-conviction motion under Rule 27.26. The Circuit Court, after conducting an evidentiary hearing on the motion, denied appellant relief. We affirm.

On August 11, 1975, appellant appeared with his attorney and entered a plea of guilty. At that time, the court questioned the appellant about the voluntariness of his plea and his understanding of the nature of the charges. Before admitting each essential element of the charged offenses, the appellant listened to the State outline the evidence which it intended to produce. The appellant specifically stated to the court that he had consulted with his attorney on "several" occasions. He stated that his lawyer had represented him satisfactorily and that he desired no further legal counsel.

On May 26, 1976, appellant filed a 27.26 motion alleging the following grounds for post-conviction relief: 1) ineffective assistance of counsel; 2) denial of a fair trial because he was not offered a private psychiatrist; and 3) the unconstitutionality of § 552.020, RSMo. (1978 Supp.).

At the 27.26 evidentiary hearing, appellant stated that his attorney had visited him only twice before he entered his guilty plea. Further, he contended that his lawyer had failed to contact a supposed alibi witness, Joyce Carter. Appellant's testimony is unclear as to when he discovered that his attorney had not contacted Joyce Carter. At one point in the hearing he claimed he knew *before* he pleaded because he had talked to Joyce Carter about not being contacted, and at another point he stated he first learned *after* he pleaded.

Appellant's attorney at the plea hearing, testified on behalf of the State at the 27.26 hearing. He stated he had visited the movant not just "twice" but a "number of times" before the trial date. Further, he testified that he had in fact contacted appellant's supposed alibi witness. The contact revealed that Joyce Carter could recall very few relevant facts and that she had once lived with the appellant-movant. The attorney concluded, in light of Joyce Carter's indefiniteness and potential bias, that she would have been "more detrimental than beneficial" to appellant's case and consequently should not be called to testify. Further, he claimed at the time appellant entered his guilty plea, he stood ready to try the case.

Having observed the demeanor and conduct of the appellant both at the plea hearing and the 27.26 evidentiary hearing and having read the transcript of the plea, the trial court found the plea to have been made voluntarily and with an understanding of the nature of the charges and denied appellant's 27.26 motion.

This court must affirm the findings, conclusions, and judgment of the trial court unless they are "clearly erroneous." Rule 27.26(j); *Maggard v. State,* 471 S.W.2d 161, 166 (Mo.1971); *Bonner v. State,* 535 S.W.2d 289, 297 (Mo.App.1976).

On appeal the appellant raises only one of his three grounds for post-conviction relief: the issue of ineffective assistance of counsel. Nowhere in his brief does appellant allege that such ineffectiveness affected the voluntariness of his plea. In Missouri, the cases clearly establish that after a defendant has pleaded guilty, the issue of adequate assistance of trial counsel goes only to whether such ineffectiveness affected the voluntariness of the plea. *Matthews v. State,* 501 S.W.2d 44, 47 (Mo.1973); *Bolin v. State,* 552 S.W.2d 58, 59–60 (Mo.App. 1977); *Bennett v. State,* 549 S.W.2d 585, 587 (Mo.App.1977); *Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App.1977). As a matter of law, because appellant failed to allege facts showing that he pleaded involuntarily due to ineffective assistance of coun-

sel, he has failed to show that the court should award him post-conviction relief. *Bolin v. State, supra* at 60.

■ Even on the merits, appellant would not be entitled to post-conviction relief. Appellant's own testimony at the time of his plea regarding ineffective assistance of counsel contradicts his testimony at the 27.-26 hearing. The testimony of his attorney also refutes the validity of appellant's 27.26 testimony. Consequently, the trial court rejected "the denied, refuted and contradicted evidence" presented by the appellant at the 27.26 hearing. This decision is within the province of the trial court which need not believe the appellant's testimony at a 27.26 hearing. *Bennett v. State, supra* at 586; *Bonner v. State, supra* at 298. As required we give due regard to the trial judge's opportunity to hear witnesses and defer to his determination of credibility unless it clearly appears that he has abused his discretion. *Walster v. State,* 438 S.W.2d 1, 2–3 (Mo.1969); *Bennett v. State, supra* at 586. The trial court specifically found the testimony of the appellant not credible based on the demeanor and conduct of the appellant both at the time he pleaded and at the 27.26 hearing.

The judgment of the trial court is affirmed.

CLEMENS and GUNN, JJ., concur.